IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP PRICE, ) | |
| ) | |
| Plaintiff(s), ) | No. C 08-1416 VRW (PR) |
| ) | |
| vs ) | ORDER OF DISMISSAL |
| ) | |
| ARNOLD SCHWARZENEGGER, et al, ) | (Doc # 2) |
| ) | |
| Defendant(s). ) | |
| ) | |

      Plaintiff, a former prisoner recently released from a one-year parole revocation term, has filed a pro se civil rights complaint for damages under 42 USC § 1983 alleging that the Deputy Commissioner Robert Roos violated his due process rights at the revocation hearing. Among other things, plaintiff alleges that his "agent of record" was not present at the hearing and that he was not allowed to confront the alleged victim or to hear the victim's testimony. Plaintiff also names various state officials on the ground that his return to custody on a parole revocation was a breach of his plea agreement to a maximum prison sentence of sixteen months.

      Plaintiff seeks to proceed in forma pauperis under 28 USC § 1915 which, good cause appearing, is GRANTED. The action must be dismissed under the authority of 28 USC § 1915(e)(2), however.

**DISCUSSION**

A.   Standard of Review

  The court must dismiss a case brought in forma pauperis under § 1915 at any time it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 USC § 1915(e)(2). Pro se pleadings must be liberally construed. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

  To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v Atkins, 487 US 42, 48 (1988).

B.   Legal Claims

  Plaintiff's claim for damages against Roos for alleged denial of due process at plaintiff's parole revocation hearing must be dismissed because it is well-established that state parole board officials have absolute quasi-judicial immunity when they act to grant, deny or revoke parole, because such actions are functionally comparable to those of judges. Sellars v Procunier, 641 F2d 1295, 1302-04 (9th Cir 1981).

  Plaintiff's additional claim that his return to custody on a parole revocation violated his plea agreement must be dismissed as well. In 2002, plaintiff pleaded guilty to receiving known stolen property pursuant to a plea bargain under which he was to receive a sixteen-month term in state prison. Under California law, he was informed that he would also be subject to a mandatory parole term of three years following the completion of the sixteen-month sentence. See Cal Penal Code §§ 1170(c), 3000(a). This mandatory parole term was a direct and lawful

consequence of his plea. See <u>Allen v Bunnell</u>, 891 F2d 736, 737 (9th Cir 1989); <u>Carter v McCarthy</u>, 806 F2d 1373, 1376 (9th Cir 1986).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 USC § 1915A(b).

The clerk enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Price, P1.or1.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PRICE,

        Plaintiff,

v.

ARNOLD SCHWARZENEGGER et al,

        Defendant.

Case Number: C08-1416 VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Phillip Price T-75188
624 14th Street
Oakland, CA 94612

Dated: March 28, 2008

        Richard W. Wieking, Clerk
        By: Cora Klein, Deputy Clerk